UNITED STATES DISTRICT COURT
Western District of Texas
Austin Division

| | | |
|---|---|---|
| CODY McMURDO, | § | |
|    *Plaintiff* | § | CASE NUMBER: 1:21-cv-729 |
| | § | |
| vs. | § | |
| | § | |
| DEBT MANAGEMENT | § | |
| PARTNERS, LLC | § | |
|    *Defendant.* | § | **DEMAND FOR JURY TRIAL** |

## ORIGINAL COMPLAINT

1. Plaintiff Cody McMurdo sues for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Chapter 392, to obtain actual damages, statutory damages, injunctive relief, costs and a reasonable attorney's fee for the Defendant's violations of the FDCPA and the TDCA.

## VENUE

2. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendants transact business in this district.

## THE PARTIES

3. Plaintiff Cody McMurdo ("**McMurdo**") is an individual residing in Williamson County, Texas.

4. McMurdo is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

5. McMurdo is a "consumer" as that term is defined by § 392.001(1) of the TDCA.

6. Defendant Debt Management Partners, LLC ("**DMP**") is a company organized and existing under the laws of Delaware. DMP may be served by serving its registered agent at the following address:

> Corporation Service Company dba CSC–Lawyers Incorporating Service Company
> 211 E. 7th Street, Suite 620
> Austin, TX 78701-3218 USA

7. The principal purpose of DMP is the collection of consumer debts.

8. DMP is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

9. DMP is a "third-party debt collector" as defined by § 392.001(7) of the TDCA.

10. DMP is a "debt buyer" as defined by § 392.307(a)(2) of the TDCA.

## FACTUAL ALLEGATIONS

11. McMurdo allegedly incurred a debt to Cash Link USA for a personal loan.

12. After allegedly defaulting on his obligation, Cash Link USA sold McMurdo's debt to DMP.

13. DMP placed McMurdo's alleged debt with an unknown debt collector for collection.

14. DMP has actual knowledge this unknown debt collector uses false threats of legal action, unlawful action, and other intimidation tactics to coerce consumers into paying.

15. McMurdo began to receive collection calls.

16. McMurdo began to receive collection voice mails.

17. One voicemail stated:

"This information is intended for Cody McMurdo. Claim number 115-1193. This is Samantha Scheels contacting him regarding an order that was submitted to my office. [] I need to verify an address for service of process at your residence and

3

place of employment. Mr. McMurdo, you have a claim that is being filed against you. At this point you're being granted an opportunity to contact the firm handling the case to resolve this matter voluntarily. That firm can be reached at 877-411-3244. Case number again 115-1193."

18. Some voicemails and calls stated that a "claim" or "charge" had been filed against McMurdo.

19. Some voicemails stated that McMurdo would be served at his place of employment.

20. In realty, no case, criminal or civil, has been filed and there was nothing to serve McMurdo with.

21. McMurdo's family received calls related to the alleged debt.

22. The threats in the calls and voicemail caused McMurdo to suffer mental anguish and emotional distress in the form of fear, humiliation, embarrassment, loss of appetite, and insomnia.

## COUNT I. VIOLATION OF FDCPA

23. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

24. The unknown debt collector violated the FDCPA by:

   a. Placing calls without meaningful disclosure of the caller's identity in violation of 15 USC § 1692d(6);

   b. Making false representations as to the character, amount, or legal status of a debt in violation of 15 USC § 1692e(2)(a);

   c. Making a false representation that a communication was from an attorney in violation of 15 USC § 1692e(3);

   d. Threatening actions it could not legally take or did not intend to take in violation of 15 USC § 1692e(5); and

   e. Using a false representation or deceptive means to collect or attempt to collect a debt in violation of 15 USC § 1692e(10).

25. DMP violated the FDCPA vicariously. It knows how the unknown debt collector collects debt and placed the alleged debt with them specifically because of its illegal practices.

26. DMP employed the same illegal practices to McMurdo's detriment as described in this Count. McMurdo re-alleges the same violations against Debt Management Partners, LLC.

## COUNT II. VIOLATIONS OF TDCA

27. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

28. The unknown debt collector violated the TDCA by:

    a. Accusing falsely or threatening to accuse falsely a person of fraud or any other crime in violation of § 301(a)(2).

    b. Threatening to file a charge, complaint, or criminal action against a debtor when the debt has not violated a criminal law in violation of § 301(a)(6).

    c. Threatening to take an action prohibited by law in violation of § 301(a)(8).

    d. Placing telephone calls without disclosing the name of the individual making the call and with intent to annoy, harass, or threaten a person at the called number in violation of § 302(2).

    e. Using a name other than the true business or professional name of the true personal or legal name of the debt collector while engaged in debt collection in violation of § 304(a)(1)(A).

f.  Failing to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money in violation of § 304(a)(4).

g. Failing to disclose that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose in an initial communication in violation of § 304(a)(5)(A).

h. Failing to disclose that the communication is from a det collector in a subsequent communication in violation of § 304(a)(5)(B).

i. Misrepresenting the character, extent, or amount of a consumer debt in violation of § 304(a)(8).

j. Representing that a consumer debt is being collected by an attorney if it is not in violation of § 304(a)(17).

> k. Representing that a consumer debt is being collected by an independent, bona fide organization engaged in the business of collecting past due amounts when the debt is being collected by a subterfuge organization under the control and direction of the person to whom the debt is owed in violation of § 304(a)(18).
>
> l. Using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer in violation of § 304(a)(19).
>
> m. On information and belief, by engaging in debt collection in Texas without the bond required by § 101.

29. DMP violated § 306 by using the unknown debt collector, an entity that DMP actually knows repeatedly or continuously violates Chapter 392 of the Texas Finance Code.

## REQUEST FOR RELIEF

30. Plaintiff requests this Court award him:

    a. Actual damages;

    b. Statutory damages;

    c. Injunctive relief;

    d. Costs; and

    e. A reasonable attorney's fee.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,
By: s/Tyler Hickle
Plaintiff's Attorney

Tyler Hickle, SBN 24069916
Law Office of Tyler Hickle, PLLC
4005C Banister Lane, Ste. 120
Austin, TX 78704
Tel: (512) 289-3831  Fax: (512) 870-9505
tyler@hicklepllc.com